IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CAROL A. WILSON, *et al.* : | |
| : | Case No. 20-cv-04721 |
| Plaintiffs, : | |
| : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Elizabeth Preston Deavers |
| RILEY CONTRACTING, INC. : | |
| : | |
| Defendants. : | |

## **OPINION & ORDER**

### I. INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to Dismiss Defendant Riley Contracting, Inc.'s ("Riley Contracting") counterclaims asserted in the Answer, pursuant to Fed. R. Civ. P. 12(b)(1) and (12)(b)(6). (ECF No. 11). Plaintiffs also move to strike several of Defendant's affirmative defenses pursuant to Rule 12(f) of the Fed. R. Civ. P. (*Id.*). Defendant Riley Contracting opposes. (ECF No. 15). For the reasons that follow, this Court **GRANTS** Plaintiffs' Motion to Dismiss and Motion to Strike. (ECF No. 11).

### II. BACKGROUND

The Employment Retirement Income Security Act of 1974 ("ERISA") created a comprehensive and exclusive framework governing employee-benefit plans. As part of that framework, Congress established causes of action to allow various parties to address their grievances related to the employee-benefit plans under ERISA's domain.

Plaintiffs Carol A. Wilson and Trustees of numerous employee-benefit plans ("Trustees;" "Funds") brought this ERISA action on September 10, 2020, pursuant to 29 U.S.C. §§ 1132(a)(3) and 1145, in response to Defendant Riley Contracting's alleged violation of and continued refusal to comply with the terms and provisions of collectively bargained agreements, trust agreements,

and employee-benefit plans. (ECF No. 1 ¶ 1). The Trustees bring this action in their fiduciary capacity and have authorized Plaintiff Wilson, the Administrator of the various Plans, to bring this claim to seek remedy on behalf of the participants and beneficiaries in the employee benefit plan. Defendant Riley Contracting answers that it has made and will continue to make monthly contributions to the Funds for all hours worked by employees performing work under its operating collective-bargaining agreements. (ECF No. 7).

On various dates in 2004, 2014, and 2017, Defendant Riley Contracting became a party to Trust agreements, in which it agreed to make timely payments to the Trustees for each employee covered by the agreements. On March 11, 2020, a Funds employee examined Riley Contracting's payroll records and determined that it should have contributed to the Funds for at least forty hours per week for certain salaried employees, regardless of the number of hours actually worked. Defendant refers to these hours as "the hours in dispute." (ECF No. 7 at ¶ 6). On June 5, the Funds sent a letter to Riley Contracting, demanding contributions, late fees, and administrative dues for the hours in dispute totaling $94,779.25. (*Id.*). Riley Contracting disputes that it owes contributions to the Funds for these disputed hours. On July 30, the Funds sent a letter to Riley Contracting indicating that they were going to divert Defendant's current contributions away from hours credits for Riley Contracting's employees and apply them towards the amount the Funds assert Riley Contracting should have paid contributed for the disputed hours. (ECF No. 7 at 9).

Riley Contracting argues, however, that neither the Funds' Trust Agreement nor the Operators' collective bargaining agreement permit the Funds to divert Riley Contracting's current health insurance contributions away from providing hourly credits for Riley's employees to be applied to an amount in dispute. On October 12, Defendant Riley Contracting filed its Answer to

2

the Complaint, asserting two counterclaims and affirmative defenses. (ECF No. 7). Plaintiffs move to dismiss the counterclaims and strike various defenses. (*Id.*).

### III. STANDARD OF REVIEW

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the standard of review "depends on whether the [movant] makes a facial or factual challenge to subject matter jurisdiction." *See Mitchell v. BMI Fed. Credit Union*, 374 F. Supp. 3d 664, 667 (S.D. Ohio 2019) (citing *Wayside Church v. Van Buren County*, 847 F.3d 812, 816–17 (6th Cir. 2017)). Where, as here, a motion to dismiss under Rule 12(b)(1) facially attacks the sufficiency of the pleading, courts take the allegations in the challenged claim as true and determines whether those allegations establish federal claims. *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

Further, under Rule 12(b)(6), courts dismiss claims that fail to state a claim upon which relief can be granted. Courts presume that all factual allegations in the claim are true and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). Courts do not, however, accept as true mere legal conclusions unsupported by factual allegations. *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009). The factual allegations supporting the claim must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Fed. R. Civ. P. Rule 12(f) provides that the Court may order stricken from any pleading "any insufficient defense." Motions to strike are disfavored and the movant bears a heavy burden. Such motions should be denied unless "it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint the matter must be stricken as

legally insufficient." W*illiams v. Provident Inv. Counsel, Inc.*, 279 F. Supp. 2d 894, 906 (N.D. Ohio 2003) (internal citation omitted).

IV. **LAW & ANALYSIS**

A. **Motion to Dismiss**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Fed. R. Civ. P., Plaintiffs move to dismiss Defendant Riley Contracting's counterclaims asserted in the Answer. Specifically, Plaintiffs argue that this Court lacks jurisdiction to consider either of Riley Contracting's counterclaims. Plaintiffs also contend that the counterclaims fail to state a claim upon which relief can be granted under Rule 12(b)(6).

Congress enacted ERISA in 1974 to promote the interests of employees and their beneficiaries in employee benefit plans and to protect contractually defined benefits." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 113 (1989) (internal quotation marks and citation omitted). Defendant Riley Contracting argues its two counterclaims have subject-matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, ERISA, 29 U.S.C. § 1132(a)(1), (3), and federal common law.

Turning to these potential bases of jurisdiction, it is apparent that neither ERISA nor the Declaratory Judgment Act is of help. Section 502 of ERISA lists only three classes of persons who may bring a civil action under ERISA: (1) a participant or beneficiary; (2) the Secretary of Labor; and (3) a fiduciary. *See* 29 U.S.C. § 1132(a) and (e)(1). "Employers" are not listed expressly among the categories of persons authorized to bring suit under § 502. *Girl Scouts of Middle Tennessee, Inc. v. Girl Scouts of the U.S.A.*, 770 F.3d 414, 418 (6th Cir. 2014). Thus, ERISA does not provide an explicit basis for jurisdiction. And neither does the Declaratory Judgment Act. As the Southern District for Ohio said recently: "[T]he Act *itself* is not an independent basis for

subject-matter jurisdiction." *Castellon-Vogel v. Int'l Paper Co.*, No. 1:18-CV-00688, 2020 WL 996444, at *2 (S.D. Ohio Mar. 2, 2020), *aff'd*, 829 F. App'x 100 (6th Cir. 2020)

The only remaining possible basis of jurisdiction is federal common-law. Although federal courts have some latitude to create federal common law under ERISA, courts in the Sixth Circuit are restricted to instances in which: (1) ERISA is silent or ambiguous; (2) there is an awkward gap in the statutory scheme; or (3) federal common law is essential to the promotion of fundamental ERISA policies. *Muse v. Int'l Bus. Machs. Corp.*, 103 F.3d 490, 495 (6th Cir. 1996).

The Sixth Circuit has created federal common law under ERISA to provide for restitution claims, *see Whitworth Bros. Storage Co. v. Cent. States, Se. & Sw. Areas Pension Fund*, 794 F.2d 221, 233–36 (6th Cir. 1986), certain estoppel claims, *see Bloemker v. Laborers' Local 265 Pension Fund,* 605 F.3d 436, 440 (6th Cir. 2010), and undue influence claims, *see Tinsley v. Gen. Motors Corp.,* 227 F.3d 700, 704–05 (6th Cir. 2000). But the Sixth Circuit has declined to create federal common law under ERISA to allow claims for the negligent management of pension funds, *see DiGeronimo,* 763 F.3d at 511–13, or the negligent provision of an erroneous benefits-amount quotation, *see Local 6–0682,* 342 F.3d at 609–10.

This Court applies each of the above-mentioned three factors in turn.

First, Riley Contracting avers that ERISA is silent as to the means by which it can continue making its current monthly payments while preserving its ability to dispute the Funds' audit finding. (ECF No. 15 at 5). Although ERISA does not provide special rules for how an employer can make monthly payments while still objecting to an audit, ERISA does set forth a comprehensive framework for determining the distribution and management of disputed funds. Thus, ERISA is not silent or ambiguous on this question.

Second, Defendant posits that the gap-to-be-filled is where an employer wants to sue a plan over the allocation of the employer's contributions. But Defendant presents no arguments to show that this gap is awkward or that federal courts are permitted to establish federal common law to fill the gaps. Riley Contracting's claims fall within the purview of a specific provision of ERISA, the civil enforcement provision, § 502. "The statute's standing provision, § 502, lists four categories of '[p]ersons empowered to bring a civil action'—namely, participants, beneficiaries, plan fiduciaries, and the Secretary of Labor—and this list is exclusive." *Local 6–0682,* 342 F.3d at 609 n.1. Courts construe the list as exclusive because "Congress intended to limit the parties who could maintain actions pursuant to section 502." *Whitworth Brothers*, 794 F.2d at 228. When claims fall under § 502, but a party has no right to sue under that provision, the claim cannot "be reasserted as [a] separate claim[] arising under federal common law." *Cent. States Se. & Sw. Areas Pension Fund v. Mahoning Nat'l Bank,* 112 F.3d 252, 256–57 (6th Cir.1997) (quoting another source).

Third and finally, Riley Contracting does not argue with any specificity that federal common law is essential to the promotion of fundamental ERISA policies. Even if it did, this Court is skeptical that Defendant could clear this high bar. As the Sixth Circuit explained: "The relevant policies are those choices Congress made in drafting the civil enforcement schemes, and vague notions of ERISA's purposes are inadequate to overcome the ERISA provisions that specifically regulate civil enforcement mechanisms." *Girl Scouts of Middle Tennessee*, 770 F.3d at 425.

None of the three circumstances in which courts can create federal common law under ERISA apply here. This Court thus **GRANTS** Plaintiffs' Motion to Dismiss. (ECF No. 11).

### B.  Motion to Strike

Plaintiffs move to strike many of the affirmative defenses asserted in Defendant's Answers as preempted or otherwise unavailable.

First, the Sixth Circuit has held repeatedly that contractual and other state-law defenses are preempted in ERISA collections cases. *Kaiser Steel Corp. v. Mullins*, 455 U.S. 74, 88 n.12 (1982). Thus, Defendant's contract defenses of failure to meet a condition precedent and accord satisfaction are unavailable and are stricken. So too for Defendant's defenses of waiver and estoppel. These defenses are unavailable as a matter of law. *Mich. Elec. Employees' Pension Fund v. Encompass Elec. & Data Inc.*, 556 F. Supp. 2d 746, 751 (W.D. Mich. 2008) (holding defense of waiver not available to avoid benefit payment obligations); *Williams v. Provident Inv. Counsel, Inc.*, 279 F. Supp. 2d 894, 907 (N.D. Ohio 2003) (granting trustee's motion to strike defenses of estoppel, waiver, and ratification). Because waiver and estoppel are not permitted defenses in ERISA contributions cases, they cannot be asserted here and are hereby stricken.

Moreover, because ERISA does not provide a statute of limitations for delinquent contribution actions, courts apply the limitations period for the most analogous state cause of action. *Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1054 (6th Cir. 2015). In Ohio, the applicable time period is eight years. *Wilson v. Bridge Overlay Sys.*, 129 F. Supp. 3d 560, 581 (S.D. Ohio 2015).  Defendant's Answer acknowledges that the audit in which Plaintiffs discovered the unpaid contributions was conducted on March 11, 2020. (ECF No. 7 at 53.) The Complaint seeks contributions sought are due for the period of November 1, 2015 through February 1, 2020. (ECF No. 1 ¶¶ 8, 13, 18, 23.) The Complaint was filed on September 10, 2020. (*Id*.) This case was brought within the eight-year statute of limitations, and Defendant's statute of limitation defense fails. Finally, "laches may not be invoked to bar damages relief if the action was

brought within the limitations period." *Bridge Overlay Sys.*, 129 F. Supp. 3d at 581 (internal citation and quotation marks omitted). Accordingly, Defendant's statute of limitations and laches defenses necessarily fail as a matter of law and must be stricken pursuant to Rule 12(f).

## V. CONCLUSION

The Court hereby **GRANTS** Plaintiffs' Motion to Dismiss Defendant's Counterclaims and Motion to Strike Affirmative Defenses. (ECF No. 11).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 29, 2021**

8